09-1192-cv
*Poindexter v. Warner/Chappell Music, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand ten.

PRESENT: PIERRE N. LEVAL,
ROBERT D. SACK,
RICHARD C. WESLEY,
*Circuit Judges.*

————————————————————————————

ROBERT POINDEXTER,

*Plaintiff-Appellant,*

v.

09-1192-cv

WARNER CHAPPELL MUSIC, INC.,

*Defendant-Appellee.*

————————————————————————————

FOR PLAINTIFF-APPELLANT:     ROBERT POINDEXTER, *pro se*, New York, New York.

FOR DEFENDANT-APPELLEE:      ROBERT A. JACOBS, (Benjamin G. Shatz, *on the brief*), Manatt, Phelps & Phillips, LLP, Los Angeles, California.

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

Appellant Robert Poindexter appeals from the district court's judgment granting summary judgment for Warner/Chappell Music and dismissing his copyright ownership and infringement complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews an order granting summary judgment *de novo* and asks whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted). However, "conclusory statements or mere allegations [are] not

sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion. We have considered Poindexter's arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk